GUILLERMO ATILES MORÉU, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; CARMEN ABRÉU SERRANO, lesionada.

Núm. 371.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 19, 1948.

*Ángel de Jesús Matos, M. Maldonado Pacheco* y *Aída Casaña Marengo,* abogados del recurrente; la obrera lesionada no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Cuando ocurrió el accidente que motiva este recurso, la obrera Carmen Abréu Serrano hacía dos o tres semanas que trabajaba regularmente para un patrono en la recolección de algodón. A requerimiento de la esposa del patrono y con el consentimiento de éste, la obrera dejó el trabajo agrícola a que venía dedicándose para lavar el piso de la casa del patrono. Ese trabajo debería tomarle tres días. Lavó el primer día y al regresar a la mañana siguiente para reanudar su trabajo, la casa se hallaba aún cerrada. Mientras esperaba en el batey en lo que la abrían, un camión del patrono que en aquellos momentos salía del garage le causó una lesión en un pie.

El Administrador del Fondo del Seguro del Estado investigó el caso y denegó compensación porque la labor a que iba a dedicarse la obrera el día que recibió la lesión estaba expresamente excluída de los efectos de la Ley de Compensaciones Por Accidentes del Trabajo. La obrera apeló para ante la Comisión Industrial la cual resolvió que el accidente era compensable.

El Administrador recurrió para ante este Tribunal. En apoyo de su contención invoca el artículo 2 de la Ley de Compensaciones Por Accidentes del Trabajo el cual expresamente exceptúa de los efectos de la Ley a los obreros o empleados dedicados al servicio doméstico. La Comisión Industrial admite que los obreros dedicados a trabajos domésticos no están protegidos por la Ley. No obstante, resolvió que el accidente era compensable porque la obrera fué desviada de su trabajo regular con el consentimiento

del patrono y al recibir la lesión se hallaba dentro de la propiedad de éste. El artículo 25 de la Ley, según fué enmendado por la Ley núm. 162 de 14 de mayo de 1943 (pág. 525), invocado por el Administrador, dispone que "el total de operaciones del patrono deberá ser cubierto por una sola póliza" y "nuevas operaciones que no están cubiertas por la póliza original, deberán ser cubiertas por notificaciones sujetas a la aprobación del Administrador o por ampliaciones de pólizas". Como la Ley no es aplicable a los obreros empleados en labores domésticas, el patrono no podía cubrir ese riesgo ya fuese en la póliza original o en una notificación o ampliación a la misma. Sería distinta la cuestión si la obrera hubiera sido desviada de una labor en la cual el patrono hubiera estado asegurado, a otra asegurable, pero no cubierta por la póliza, en cuyo caso el patrono se consideraría como uno no asegurado. Ese no es el caso que nos ocupa. Aquí la póliza cubría el riesgo de agricultura en general, pero la obrera fué desviada de su labor agrícola para hacer labor doméstica que no es asegurable.

Ante las terminantes disposiciones de los artículos 2 y 25 de la Ley, el haber ocurrido el accidente mientras la obrera se hallaba dentro de la propiedad del patrono y el haber sido desviada de su trabajo regular, carecen de toda consecuencia legal dentro de las circunstancias del presente recurso.

*Procede revocar la resolución recurrida y ordenar a la Comisión Industrial que dicte otra confirmando la resolución del Administrador del Fondo del Estado.*